### In re UNDERHILL'S ESTATE.
#### No. 73-294-CP-01.
Circuit Court Brevard County, Probate Division.

July 18, 1974.

Robert G. Ferrell, III of Ferrell & Moss, Melbourne, for the petitioners.

Craig T. James of Clayton & James, DeLand, for the proponent.

VIRGIL B. CONKLING, Circuit Judge.

This cause came on for trial upon petition for revocation of probate of will.

The court finds the will dated December 15th, 1972 was admitted to probate May 21st, 1973 and its probate should not be revoked.

The Florida case reported at 138 So.2d 342 was cited as holding that where an attorney participated in the making of a will whereby he received a substantial gift as a devisee or legatee there is a presumption that the gift was obtained through undue influence but this case was overruled by the Florida case reported at 253 So.2d 697 as to shifting of burden of proof to proponent when presumption of undue influence arises. (See 19 A.L.R. 3d 575-634, §4(c) and §5(a) and 1973 Supplement thereto.)

Here attorney Joe T. Martin prepared the will and mailed it some days ahead of December 15th, 1972 to the testatrix suggesting that she execute it before some one other than himself, but she came to his office on December 15th stating that she wished to execute the will — whereupon Mr. Martin went out the back door of his office, and the will was thereafter executed before and witnessed by his wife, Betty J. Martin, and one Joyce K. McCollum. The court finds exceptional circumstances not requiring compliance with provisions of EC 5-5 of the Code of Professional Responsibility relating to the Florida Bar.

The court finds that executrix' condition and ability were such that she knew the character of the gift to the attorney; that the will was prepared and mailed to her days before she traveled to the attorney's office and executed it and that at the execution she stated she wanted to will everything to the attorney; that after the execution of the will she had sufficient time and opportunity to alter its contents; that the relationship between the testatrix and any of her heirs who were omitted in the will was such as to explain the manner in which she disposed of her property (as to which see, for example, respondent's exhibit no. 10 being an undated letter to testatrix, and see testimony of Mrs. Hazel Howell James); that the beneficiary — attorney Joe T. Martin — had maintained a relationship with the testatrix more than that of mere attorney and client (as to which see, for example, respondent's composite exhibit no. 8 being letters from the testatrix to Mr. Martin and copies of letters from Mr. Martin to the testatrix re saving property, parole application from the federal penetentiary in which the testatrix was situate, and efforts to improve the testatrix' morale and spiritual life); that the size of the gifts or estate at first blush would appear considerable (no estate inventory having been filed), however, certain property in Brevard County is the subject of pending civil action no. 58256 wherein W. Robert Smith, trustee, (an attorney) is plaintiff, and certain property in Polk County was or is the subject of a civil action wherein A. T. Rossetter and Mona J. Rossetter are plaintiffs and one Lucian Delk is defendant; that the testatrix handled her own bank checking account right up to the month of her death and on March 19, 1973 borrowed $1,000 via signature

promissory note from the First National Bank of Lake Wales, Lake Wales, Florida.

Whereupon, the court finds and orders that the testatrix was possessed of testamentary capacity and was not the victim of undue influence on December 15th, 1972 when her last will and testament was duly executed, witnessed and published.